UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America,                      CR-02-1327(CPS)

   - against -
                                               SENTENCING
Anthony Nunez,                                 MEMORANDUM


                    Defendant.
----------------------------------------X

SIFTON, Senior Judge.

Anthony Nunez ("Nunez") pleaded guilty on July 11, 2003 to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, at least one kilogram of heroin, at least five kilograms of cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Now before this Court is the Court's *sua sponte* motion, pursuant to 18 U.S.C. § 3582(c)(2), to modify defendant's sentence. For the reasons stated below, defendant's sentence is modified and reduced to 66 months.[1]

## Background

While incarcerated at the Metropolitan Detention Center awaiting sentencing in the above-captioned case, defendant was found in possession of marijuana and cocaine, and charged, under docket 03-CR-0990 ("MDC Case"), with violations of 18 U.S.C. §

---

[1] As discussed below, defendant, under the indictment in 03-CR-0990, is also subject to two sentences of six-months each, which are to run consecutively to each other and to the sentence in the above-captioned case. Unless otherwise noted, references to and discussions of defendant's sentence refer to the 82-month sentence imposed in the above-captioned case. The two six-month terms are unaffected by the amendments to the United States Sentencing Guidelines and this decision.

1791(a)(2), (b)(1) and (3), and (c).  He pleaded guilty to those charges on September 4, 2003.

At defendant's August 18, 2004, sentencing, in both the above-captioned case and the MDC Case, I adopted the factual findings and United States Sentencing Guidelines ("U.S.S.G." or "Guideline") calculation of the Presentence Investigation Report ("PSR").  Accordingly, I found defendant accountable for the equivalent of 41,125 kilograms of marijuana with a base offense level of 38.[2]  With a two-level upward adjustment for possession of firearms and a three-level reduction for acceptance of responsibility, I found defendant's adjusted offense level to be 37.  Based on a Criminal History Category ("CHC") of IV and the adjusted offense level of 37, I determined defendant's Guideline range for imprisonment to be 292 to 365 months.  Based on defendant's substantial assistance, however, I departed from defendant's Guideline range and the 120 month statutory mandatory minimum and, in the above-captioned case, imposed a sentence of 82 months.  In the MDC Case, I sentenced defendant to six-month terms on each of the two counts, to run consecutively to each other and the 82-month sentence.

On November 1, 2007, Amendment 706, as further amended by

---

[2] The counts in the MDC Case were grouped, per U.S.S.G. § 3D1.2(b), and combined with the count to which defendant pleaded guilty in the above-captioned case for the purposes of determining whether the combined Guideline offense level should be increased.  U.S.S.G. § 3D1.4.  The counts in the MDC Case did not increase the combined offense level.

Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

On February 13, 2008, the Court issued an order for the government to show cause why the defendant's sentence in the above-captioned case should not be modified. The government responded by letters dated March 10 and 12, 2008. Defendant submitted his response, through counsel, on March 24, 2008, and requested a sentence of time served.

## Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing

Commission.[3] Because the Sentencing Commission voted to apply Amendment 706 retroactively, I may consider defendant's eligibility for a reduction in his sentence. Under the amended Sentencing Guidelines, defendant's adjusted offense level would be 35 which, with a CHC of IV, suggests, at the low end, a term of imprisonment of 235 months.

Generally, a reduced sentence may not be lower than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A), p.s. However, U.S.S.G. § 1B1.10(b)(2)(B), p.s., provides that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guidelines range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a nonguideline [sic] sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." The government does not dispute that a

---

[3] 18 U.S.C. § 3582 provides, in relevant part:

Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that -- in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

further reduction of defendant's sentence may be appropriate under this provision.

Defendant's ultimate sentence was below the statutory minimum. As I could only impose a sentence below the statutory minimum sentence of 10 years pursuant to 18 U.S.C. § 3553(e), defendant's sentence was not a guidelines sentence. *See United States v. Ortiz*, No. 04 Cr. 268 (HB), 2008 WL 709488, at *5 (S.D.N.Y. Mar. 17, 2008) ("In sum, 18 U.S.C. § 3553(e) permits a court to impose a sentence below the *statutory* minimum . . . and U.S.S.G. § 5K1.1 permits a court to impose a sentence below the Sentencing Commission's *Guideline* minimum when the defendant has provided substantial assistance") (emphasis in original).

However, since I imposed a sentence below the statutory mandatory minimum based on defendant's substantial assistance and calculated the extent of the reduction of sentence on the original sentencing range of 292 to 365 months, defendant's original sentence was the functional equivalent of a guideline sentence. *See United States v. Diaz*, No. 02 Cr. 1327 (CPS), 2008 WL 789885, at *3 (E.D.N.Y. March 20, 2008). Although in sentencing defendant to 82 months I imposed a sentence below the statutory minimum based upon the authority granted by 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1 factors are instructive in determining how much of a departure below the statutory minimum is appropriate pursuant to § 3553(e) based on the defendant's

substantial assistance. *See Melendez v. United States*, 518 U.S. 120, 129, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996)). Thus, this case presents an exception to the general rule limiting reduction of non-guideline sentences set forth in U.S.S.G. § 1B1.10(b)(2)(B), p.s. The 82-month sentence represents approximately 28% of the low end of the prior recommended guidelines sentence. Following U.S.S.G. § 1B1.10(b)(2)(B), p.s., 28% of 235 months would be 66 months.

Defendant has served approximately 63 months and argues for a sentence of time served. U.S.S.G. § 1B1.10, p.s, however, does not provide for a reduction below the amended Guideline range beyond the comparable reduction exception discussed above. Accordingly, any further reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Reducing defendant's sentence to 66 months does not pose a threat to the community. The defendant will serve an additional 12 months of incarceration at the conclusion of his modified sentence, due to his conviction in the MDC Case. Moreover, although defendant claims he was born in Puerto Rico, verification was never received and, accordingly, Immigration and Customs Enforcement ("ICE") has lodged an immigration detainer against defendant to permit ICE to conduct an investigation. Depending on the speed of the investigation and its results, the

defendant may remain in ICE custody even after the conclusion of his reduced sentence and the sentences imposed in the MDC Case and, ultimately, be deported.

Defendant has been subject to four disciplinary sanctions while in custody, only three of which took place during defendant's current term of incarceration on the charges in the above-captioned case and the MDC Case.[4]  On September 17, 2003, defendant was placed in disciplinary segregation for 45 days for denying use of drugs or a drug item.[5]  Additionally, forty days of good time credit was disallowed and defendant forfeited 180 days of visiting privileges.  On January 6, 2005, defendant tested positive for marijuana and received a 60-day disciplinary segregation.  The Bureau of Prisons further disallowed 68 days of good time credit.  On December 1, 2005, defendant was sanctioned for lying to a corrections officer regarding his whereabouts, for which he received a 15-day disciplinary segregation and forfeited 13 days of good time credit.

Defendant has not been sanctioned for almost two and a half years and has otherwise maintained good conduct and worked towards self-improvement while incarcerated.  A progress report provided to the Probation Department by defendant's case manager

---

[4] On September 17, 1999, defendant fought with another person, for which a 30-day disciplinary segregation was imposed and 14 days of good time credit was disallowed.

[5] It is unclear whether this sanction relates to the conduct charged in the MDC Case, to which defendant pleaded guilty on September 4, 2003.

at the Williamsburg, South Carolina Federal Correctional Institution ("FCI Williamsburg"), to which defendant was transferred on May 31, 2007, states that defendant's "institutional adjustment has been good. He has participated in programs as recommended by his Unit Team and works as a Recreation Orderly." Since June 20, 2007, defendant has been assigned to the Recreation area at FCI Williamsburg, and his work reports reflect that his quality of work, quantity of work, initiative, interest, ability to learn, need for supervision, and ability to work with others are all "good."[6] He has participated in several courses to expand his potential when released from incarceration and is currently enrolled in a course to obtain a General Education Developmental degree. Of particular note, defendant has completed twenty hours of drug abuse education and has not been sanctioned for any drug related conduct for over three years.[7] Defendant will be encouraged to complete a Release Preparation Program.

Consideration of the 18 U.S.C. § 3553(a) factors, including defendant's personal characteristics and criminal history, the nature of the underlying offense, the need for protection of the public, deterrence, just punishment for the offense and respect

---

[6] Nevertheless, defendant's progress report, as well as what is termed a SENTRY report, deem defendant "non-promotable (for reasons unspecified)."

[7] Moreover, as part of his supervised release defendant will be required to undergo substance abuse treatment.

for the law persuade me that reducing defendant's sentence in the above-captioned case to 66 months is appropriate.

## Conclusion

For the reasons stated above, defendant's sentence in the above-captioned case is reduced to 66 months. The Court will enter an Amended Judgment of Conviction, reflecting this reduction of the defendant's sentence. All other terms of the original Judgment of Conviction will remain unchanged. The Judgment of Conviction in the MDC Case is not affected by this decision, and defendant will still be required to serve the two consecutive six-month sentences imposed in the MDC Case from the conclusion of his 66-month sentence. The Clerk is directed to transmit a copy of the within to the parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          April 8, 2008

                    By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge